IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISABEL PADILLA,

    Plaintiff,

v.                                                                                               CV 14-0544 MV/WPL

DOLLAR GENERAL CORPORATION
d/b/a DOLLAR GENERAL STORE #10586 and/or
MERCAR DG CORP, and JOHN DOE COMPANY,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Isabel Padilla has filed a motion to remand this action to state court, arguing that removal was procedurally improper because Dollar General Corporation ("Dollar General") failed to obtain consent for removal from MerCar DG Corp. ("MerCar"). (Doc. 7.) Dollar General filed a response (Doc. 11), and Padilla filed a reply (Doc. 15). The Court has referred Padilla's motion to me to submit findings of fact and to recommend an ultimate disposition. (Doc. 14.) Having considered the parties' filings and the relevant law, I conclude that remand is required, and I recommend that Padilla's motion be granted.

**BACKGROUND**

Padilla filed her complaint in the First Judicial District Court of the State of New Mexico on April 8, 2014, bringing claims of negligence and negligence per se against all Defendants. (Doc. 1 Ex. A.) Dollar General accepted service on May 12, 2014 (Doc. 1 Ex. B), and removed the case to this Court thirty days later pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Doc. 1). Along with its notice of removal, Dollar General attached an affidavit from its attorney stating,

*inter alia*, that the attorney had "contacted MerCar DG Corp, by telephone and email, to determine whether or not MerCar DG Corp has representation, but ha[d] not yet received a response. I am unable to determine MerCar DG Corp's position on removal." (Doc. 1 Ex. B at 2.) Dollar General hypothesized in its notice of removal that MerCar had not yet retained counsel. (Doc. 1 at 3.)

Two days later—on June 13, 2014—MerCar filed three documents in state court: an answer to Padilla's complaint, a certificate of service stating that MerCar had sent discovery requests to Padilla, and a jury demand. (Doc. 7 Ex. 2; Doc. 13 Ex. A at 43-48.)

On June 16, 2014, Padilla filed the instant motion to remand. She asserts that removal was improper because service on MerCar was effected on May 13, 2014, yet Dollar General did not seek MerCar's consent prior to removal. Attached to Padilla's motion are copies of its proof of service on MerCar (Doc. 7 Ex. 1), the state court docket from June 16, 2014, or thereabouts (Doc. 7 Ex. 2), and MerCar's state court jury demand (Doc. 7 Ex. 3).

MerCar did not file a response to Padilla's motion; its attorney merely notified counsel for Padilla via email that it opposed remand. (Doc. 15 Ex. 4.) However, Dollar General responded that removal was proper because it had no knowledge that MerCar had been served at the time of removal despite its diligent attempts to find out if this was the case. Dollar General also argues that even if MerCar's consent had been necessary, the latter company was allowed a new thirty-day window to consent to removal after it entered the state court action and was able to access the notice of removal filed there.

**ANALYSIS**

When a case that would otherwise meet the diversity requirements for federal jurisdiction under 28 U.S.C. § 1332 is filed in state court and no defendant is a citizen of that state, the case

may be removed to federal district court in the district where the state action is pending. 28 U.S.C. § 1441(a)-(b). Still, federal courts are of limited jurisdiction, and there is a presumption against federal jurisdiction. *See Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citations omitted). With that in mind, "[r]emoval statutes are to be construed strictly," and "[a]ny doubt as to the propriety of removal is to be resolved in favor of remand." *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) (citations omitted). The defendant asserting that removal is proper bears the burden of showing that this is so. *See, e.g.*, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The inverse of this rule, also known as the "unanimity rule," is that "a failure of all 'served' defendants to consent in writing to removal constitutes a procedural defect requiring remand." *Doe v. Sunflower Farmers Mkts., Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011). This rule also implies that unserved defendants need not join in removal for that removal to be proper. *See, e.g.*, *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84 (10th Cir. 2014); *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (citation omitted).[1] "When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." *Brady*, 504 F. Supp. 2d at 1173 (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)).

---

[1] The unanimity rule was previously recognized as a "judge-made rule," and courts relied on established caselaw to determine its contours. *E.g.*, *Doe*, 831 F. Supp. 2d at 1278. The rule was recently codified in § 1446 pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-61 (2011).

Even if a co-defendant has been served prior to removal, the removing defendant is excused from a failure to secure his consent before removing the case if it exercises "reasonable diligence" to determine whether the co-defendant has been served and it explains this diligence in its notice of removal. *See id.* (citing *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996)). Some courts hold that "reasonable diligence" is satisfied when the removing defendant relies solely on the lack of proof of service in the state court record to conclude that a co-defendant has not yet been served. *See Stark-Romero v. Nat'l R.R. Passenger Co.*, No. CIV-09-295 MV/RLP, Doc. 96 at 9 (D.N.M. Mar. 31, 2010) (unpublished) (citations omitted); *see also Doe*, 831 F. Supp. 2d at 1280 ("[N]one of the District of New Mexico cases [addressing this issue] require a defendant to take efforts beyond consulting the state court record to ascertain whether service was properly made."). Other courts require the removing defendant to also attempt contact with co-defendants by phone or email to ascertain whether service has been effected before removing the case. *See Stark-Romero*, Doc. 96 at 9 (citations omitted).

Here, Dollar General does not dispute that Padilla effected service on MerCar on May 13, 2014, thirty-one days prior to removal. Yet, it is also undisputed that Padilla did not subsequently file any proof of service in state court. (*See* Doc. 7 Ex. 2; Doc. 13 Ex. A.) Further, Dollar General asserted in its notice of removal and an attached affidavit from counsel that it had attempted to contact MerCar by phone and email but had never received a response and was unable to determine MerCar's position on removal. Under either measure detailed in *Stark-Romero*, Dollar General acted with reasonable diligence in attempting to determine whether MerCar had been served and to secure MerCar's consent before filing its notice of removal.

This does not end the inquiry, however. Even though Dollar General's notice of removal was not defective upon filing for its failure to secure MerCar's consent, § 1446(b)(2)(A) still

requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Tenth Circuit has recently interpreted this provision to mean that "consent is required only of . . . [defendants that] had been properly served *at the time of removal*." *See Knight*, 749 F.3d at 1183-84 (emphasis added). However, Padilla asserts, and Dollar General does not dispute, that she properly served MerCar prior to removal, and she has provided evidence to this effect (*see* Doc. 7 Ex. 1). Thus, a strict reading of § 1446 and the relevant caselaw would appear to require MerCar's consent or joinder in the notice of removal in order for removal to remain valid.

An analogy to *Knight* might suggest otherwise. If a removing defendant is not required to obtain the consent of a party served after removal, *see Knight*, 749 F.3d at 1183-84, then is it sensible to require a removing defendant to obtain the consent of a party after removal when, despite reasonable diligence, it was unable to determine if that party had been served at the time of removal? But the distinctions between these two cases matter. In *Knight*, the plaintiff failed to demonstrate that she had properly served the non-removing defendants before other defendants removed the case, *see id.*; here, it is undisputed that MerCar had been properly served at the time of removal. Section 1446 requires the consent of all "properly joined and served" defendants for removal to be procedurally sufficient, *see* 28 U.S.C. § 1446(b)(2)(A), and I must strictly construe this provision, *see Chavez*, 15 F. Supp. 2d at 1119 (citations omitted). Accordingly, if Defendants are to avoid remand, MerCar must have appropriately voiced its joinder in or consent to the notice of removal.

As the Honorable Bruce D. Black has observed, "[M]ost courts require defendants to indicate their consent [to removal] in a written filing. Such filings bind defendants to their choice and, through CM/ECF, give all parties notice that consent has been received." *State Farm Fire &*

*Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1275 (D.N.M. 2010) (citation omitted). Though the Tenth Circuit has not yet addressed this issue, the "almost foolproof directive" from "the majority of circuit courts" is that "[i]f you represent a served, properly joined defendant who consents to a co-defendant's removal, you must sign the notice of removal on behalf of your client, file your own notice of removal, or *file a notice of consent to removal within the thirty-day removal period.*" *Id.* at 1277 (citations omitted) (emphasis added); *see also Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008). *But see Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) (rejecting the need for defendants "to either sign the removal petition or independently submit a timely notice of consent in writing," but acknowledging that this position "may be contrary to the weight of authority on this subject").

  Here, MerCar has yet to file formal consent to removal, even though almost seventy days have passed since it unambiguously entered the case by filing its answer and other documents on the state court docket. Although counsel for MerCar informed counsel for Padilla via email that MerCar opposes remand, this informal communication between attorneys does not meet most courts' requirement that consent to removal be formal, written, and filed. *See State Farm*, 728 F. Supp. 2d at 1277 ("Do not rely on phone calls or emails or handshakes. Do not rely on a co-defendant's counsel to say something on your client's behalf. File something with the Court. Anything less may be insufficient.") Given the time that has elapsed and MerCar's failure to file formal consent to removal, that removal is deficient and remand is required.

  Dollar General's reliance on *Doe* to counter this conclusion is misplaced. There, as here, defendants were unable to determine whether a co-defendant had been served before filing a notice of removal, and the court held that their inquiries into the matter prior to removal were

sufficient. *See* 831 F. Supp. 2d at 1278-79. The court concluded that the unanimity rule had not been violated and did not require the removing defendants to secure the consent of the other defendant, even though subsequent filings suggested that the latter party had been served prior to removal. *See id.* However, *Doe* was decided when the unanimity rule was still only a "judge-made rule," *see id.* at 1278, and at that time § 1446 did not expressly require the consent of "all defendants who have been properly joined and served," *compare* 28 U.S.C. § 1446(b)(2)(A) (2012), *with id.* § 1446(b) (2008). Without any statutory language firmly establishing the unanimity rule or its parameters, courts were allowed some leeway in determining how to apply that rule. *See Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, at *15 n.4 (D.N.M. Apr. 30, 2009) (unpublished). By contrast, the unanimity rule is now enshrined in statutory language, and the provision requiring the consent of "all defendants who have been properly joined and served" must be strictly construed. *See Chavez*, 15 F. Supp. 2d at 1119 (citations omitted).

Further, Dollar General's argument that MerCar's deadline for consenting to removal was restarted as of June 13, 2014, is now moot. For support, Dollar General cites the rule that a defendant may file for removal "within 30 days after receipt by th[at] defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable." *See* 28 U.S.C. § 1446(b)(3). As Dollar General interprets this rule, MerCar had thirty days from its entry in the state court action to consent to removal, since only at that time did it have notice that the case was removable. (*See* Doc. 11 at 4.) Yet even accepting this argument as true for present purposes, Dollar General concedes that MerCar had such notice as of June 13, when it filed its answer in state court and was able to access Dollar General's notice of removal. Well over thirty days have passed since that time, and MerCar still has not

properly consented to removal.[2] Whatever merit might have existed in Dollar General's argument has been rendered moot by the passage of time.

### CONCLUSION

Even though Dollar General's notice of removal was not improper at the time it was filed, MerCar had nonetheless been served prior to removal, and as such its consent was necessary to avoid remand. MerCar did not consent to removal, and thus the unanimity rule of 28 U.S.C. § 1446(b)(2) has not been satisfied.[3] Because Dollar General's removal of this case is therefore procedurally deficient, I recommend that the Court grant Padilla's motion and remand this action to the First Judicial District Court of the State of New Mexico.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

---

[2] The state court record for this case also reflects no filings between June 13, 2014, and July 13, 2014. The docket may be viewed on the New Mexico Courts website by visiting https://caselookup.nmcourts.gov/caselookup/app.

[3] Accordingly, I do not reach Padilla's argument that MerCar's filings illustrate an intent to proceed in state court and therefore require remand.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.